## NATIONAL FIRE INS. CO. v. PFEIFER et al.

No. 9078.

Court of Civil Appeals of Texas. San Antonio.

May 17, 1933.

Rehearing Denied June 21, 1933.

R. A. Dunkelberg, of Brownsville, and Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

B. N. Goodrich and H. B. Galbraith, both of Brownsville, for defendants in error.

FLY, Chief Justice.

The suit was for insurance on a Chevrolet automobile alleged to have been stolen from defendant in error by a negro named Hackett. The court rendered a judgment in favor of defendant in error, who will be identified as plaintiff, against plaintiff in error, which will be identified as the insurance company herein.

■ On the trial of the case no evidence of the value of the automobile was introduced, and when this point was made in a motion for new trial by defendant the court said he would hear evidence as to the value of the automobile, no decree having been entered in the case except the entry of the judge on his docket. The parties then agreed that, if an absent witness were present, he would swear that the automobile was worth $400. The court then rendered judgment for $365 in favor of plaintiff. However irregular the proceeding may have been, it could not have in-jured the insurance company, which did not claim that it could controvert the evidence of value. The judgment was for less than the amount of insurance named in the policy.

The car was returned to plaintiff on his initiative by Hackett, and was placed where plaintiff told Hackett to deliver it. Plaintiff afterwards went to the place where Hackett was told to place the car and found the car there. It disappeared afterwards, and it was shown that Hackett retook the car and carried it to a distant county. Plaintiff never regained possession of it. Hackett made two small payments on the car, but no more, and returned it, because, as he said, he could not pay for it. He did not demand repayment of the sums he had paid. It seems rather farfetched for the insurance company to be resisting the performance of its contract with plaintiff on the ground that he had not complied with the terms of the contract with Hackett.

■ The evidence fails to show that the automobile was left in the possession of Hackett after the contract had been canceled by him and the plaintiff had possession of it. He ordered the automobile to be delivered at a certain location, and it was delivered there; and afterwards plaintiff went to the spot and found the car where he had ordered it to be placed. It was in plaintiff's possession at that time. Had the car been stolen by some third person, and had plaintiff sought to recover the value of the car from Hackett, it is clear he could not have recovered, because it had been delivered to him and was in his possession.

The judgment is affirmed.